**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM RITTEL,<br><br>          Plaintiff,<br><br>     v.<br><br>KILOLO KIJAKAZI,<br><br>          Defendant. | Case No. 23-cv-1075-BAS-MSB<br><br>**ORDER GRANTING JOINT MOTION FOR AWARD OF ATTORNEY'S FEES, EXPENSES, AND COSTS (ECF No. 11)** |

In this Social Security matter, the Court granted joint motion to remand to the Agency for further proceedings. (ECF No. 8.) Now before the Court is a joint motion for an award of attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs under 28 U.S.C. § 1920. (ECF No. 11.) Plaintiff seeks an award of attorney's fees and expenses of $1,500.00 under the EAJA and zero in costs under 28 U.S.C. § 1920. The Government joins in the request, with the parties submitting that their "stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney fees." (Id.)

## I. THE GOVERNMENT'S POSITION WAS NOT SUBSTANTIALLY JUSTIFIED

The EAJA provides that "a court shall award a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 788, 796 (2002). Thus, to be eligible for attorney's fees under the EAJA: (1) the claimant must be a "prevailing party"; (2) the government's position must not have been "substantially justified"; and (3) no special circumstances can exist that make an award of attorney's fees unjust. *Comm'r, Immigration & Naturalization Serv. v. Jean*, 496 U.S. 154, 158 (1990).

The Supreme Court has held that a position may be substantially justified "if it has a reasonable basis in law and fact." *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988). When determining whether the government's position was substantially justified, the court considers "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The government's position must be "as a whole, substantially justified." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258–59 (9th Cir. 2001) (emphasis omitted). It also "must be substantially justified at each stage of the proceedings." *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (internal quotation marks omitted). "[D]istrict courts should focus on whether the government's position on the particular issue on which the claimant earned remand was substantially justified, not on whether the government's ultimate disability determination was substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1078 (9th Cir. 2010) (citing *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1990)).

"It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust." *Gutierrez*, 274 F.3d at 1258. Because the joint motion is silent on whether the government's position was justified or whether special circumstances existed, its position in this case was not substantially

justified. In effect, the government stipulates that the underlying agency action had no reasonable basis in law and fact, and that there are no special circumstances that would make the award of attorney's fees unjust. Therefore, an award of attorney's fees in this case is appropriate.

## II.   THE AMOUNT REQUESTED IS REASONABLE

Having determined that the EAJA supports an award of attorney's fees in this instance, the Court must decide whether the $1,500.00 fee award is reasonable. Courts should apply the lodestar method in determining reasonable fees. *Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). The court calculates the number of hours reasonably expended on the case—cutting any excessive, redundant, or unnecessary hours—and multiplies those hours by a reasonable hourly rate. *Id.*

Here the parties have reached an agreement as to the amount of fees and presumably stipulate to the fees' reasonableness. The Court agrees that the agreed upon $1,500.00 appears reasonable. The joint motion provides additional terms regarding making the fees payable to Plaintiff to be assigned to his attorney and addresses offsets allowed under the United States Department of the Treasury's Offset Program. Additionally, the joint motion states that "[f]ees shall be made payable to Plaintiff, but if the Department of the Treasury determines that [he] does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Martha Yancey." (ECF No. 11.) Given the parties have compromised to come to these terms, the Court finds these additional terms reasonable.

Accordingly, the Court finds Plaintiff, as the prevailing party, is entitled to attorney's fees in this case and that the requested fees and terms are reasonable. Therefore, the Court **GRANTS** the joint motion and awards Plaintiff attorney's fees in the amount of $1,500.00. (ECF No. 11.)

**IT IS SO ORDERED.**

**DATED: September 6, 2023**

Hon. Cynthia Bashant
United States District Judge