**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM RITTEL,<br><br>                                    Plaintiff,<br><br>       v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>                                    Defendant. | Case No. 23-cv-01075-BAS-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR APPROVAL OF ATTORNEY'S FEES (ECF No. 13)** |

Presently before the Court is Plaintiff William Rittel's ("Rittel") motion for approval of attorney's fees under 42 U.S.C. § 406(b).  (ECF No. 13.)  The Commissioner of Social Security responded to the motion.  (ECF No. 16.)  The Court finds Rittel's motion suitable for determination on the papers submitted and without oral argument.  *See* Fed. R. Civ. P. 78(b); CivLR 7.1.d.1.  For the following reasons, the Court **GRANTS** the motion for approval of attorney's fees.  (ECF No. 13.)

## I.     BACKGROUND

Following a decision from an administrative law judge denying Rittel's application for disability benefits under the Social Security Act (ECF No. 1), Rittel retained counsel to challenge that decision in this Court (ECF No. 13 at 2), and entered into a contingent-fee Social Security Representation Agreement ("Representation Agreement").  (ECF No. 13 at 3:19-21, Ex. B.)  The Representation Agreement provides that Rittel's counsel, Martha

- 1 -

Yancey ("Petitioner") should receive 25% of Rittel's back benefits in the event of an award. (*Id.*)

On June 8, 2023, Rittel sought judicial review in this Court. (ECF No. 1.) On October 14, 2023, the Court granted Parties' joint motion to reverse and remand the case to Social Security Administration. (ECF Nos. 9, 10.) After a new administrative hearing, the ALJ issued a favorable decision, finding Plaintiff disabled. (ECF No. 13 at 3:25-26.)

On January 5, 2026, the Social Security Administration issued a letter entitled "Important Information," indicating that $6,426.50 has been withheld for payment of attorney's fees and that $6,426.50 is the "balance" of 25% of past-due benefits. (*Id*. at 4:1-6.)

Rittel, through Petitioner, now returns to this Court to seek approval of attorney's fees of $6,426.50. (ECF No. 13.) The Commissioner has filed a response. (ECF No. 18.)

## II.   ANALYSIS

The law regulates the fees that attorneys may charge Social Security claimants for representation before the Social Security Administration and a reviewing court. *See* 42 U.S.C. § 406(a)–(b).

Rittel received an award of past-due benefits after this Court entered a judgment in her favor (ECF No. 13, Ex. A). Hence, the relevant fee provision is 42 U.S.C. § 406(b). This statute provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). Accordingly, § 406(b) limits fees for representation before the court "to no more than 25% of past-due benefits and allows the agency to withhold past-due benefits to pay these fees." *Culbertson v. Berryhill*, 586 U.S. 53, 57 (2019).

- 2 -

Social Security claimants routinely enter into "contingent-fee contracts that produce fees no higher than the 25 percent ceiling." *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002); *see also Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc). In *Gisbrecht*, the Supreme Court determined that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. Instead, because the statute authorizes a "reasonable fee," it "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See id.*

Further, where a contingency agreement exists, the Supreme Court emphasized that the starting point for assessing the reasonableness of the fee amount is the agreement itself, not the familiar lodestar method. *Gisbrecht*, 535 U.S. at 797–809. In testing the contingency agreement's reasonableness, the court may appropriately reduce "the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. For example, a downward adjustment may be justified if the attorney was responsible for delay, "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id.* at 808. Moreover, where counsel is set to receive a windfall because "the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *See id.* at 808; *accord Astrue*, 586 F.3d at 1151 ("The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."). "As evidence of the reasonableness of the resulting fee, the court may require counsel to submit a record of hours spent and a statement of normal hourly billing charges." *Astrue*, 586 F.3d at 1151. However, "'satellite litigation' over attorneys' fees should not be encouraged." *Id.* at 1152 (quoting *Gisbrecht*, 535 U.S. at 808). Finally, although the court's focus is on the contingency agreement, the court can "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.*

- 3 -

Rittel's Representation Agreement provides that Petitioner should receive 25% of Rittel's back benefits in the event of an award. (ECF No. 13 at 3:19-21, Ex. B.)  In assessing whether the requested fee is reasonable, the Court initially notes that there is no evidence of "fraud or overreaching" in the negotiation of the Representation Agreement. *See Astrue*, 586 F.3d at 1145.  Indeed, such agreements are common, and Rittel has been given the opportunity to oppose the motion for approval of her counsel's fee.  She has not done so.  Further, a reduction for substandard performance is not warranted.  Petitioner ably represented Rittel and was successful in obtaining a favorable judgment that led to her award of substantial past-due benefits.  Nor is a reduction for delay warranted here.  Petitioner met every briefing deadline in this case, and there was thus no "'excessive delay' attributable to" Petitioner in the proceedings before this Court.  *See id.* at 1146.

In addition, the proposed fee would not be a windfall to Petitioner.  The requested fee is "not excessively large in relation to the benefits achieved."  *See Astrue*, 586 F.3d at 1151.

Further, the Court notes that counsel spent 6.3 hours on Torquato's case at the district court level.  Therefore, counsel's request for $6,426.50 in fees amounts to approximately $1,020.07 an hour. (*See* ECF No. 13 at 4:7-10.)  Counsel highlights various district court decisions in the Ninth Circuit approving comparable fees at comparable hourly rates. (*See id*. at 4.)  The Court is persuaded that the effective hourly rate in this case does not demonstrate the fee would be a windfall.

Overall, the Court finds that the requested fee is reasonable.  Rittel agreed that her counsel would be paid up to 25% of her past-due benefits, and her counsel chose to bear the risk of non-payment in the event that the appeal was unsuccessful.  Her counsel now seeks 25% of the past-due benefits.  Given the circumstances of the case, the Court finds a downward adjustment to the requested fee is not appropriate.  Therefore, the Court will grant Rittel's motion for approval of $6,426.50 in fees under 42 U.S.C. § 406(b).

\* \* \*

23cv1075

Having approved fees under § 406(b), the Court briefly discusses Torquato's counsel's prior EAJA award. The Court awarded Petitioner $1,500 in fees under the EAJA. (ECF No. 12 at 3:7-9.) "Congress amended the EAJA in 1985 to add a savings provision that allows attorneys to receive fees under both § 406(b) and [EAJA, 28 U.S.C.] § 2412." *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012). "However, in order to maximize the award of past-due benefits to claimants and to avoid giving double compensation to attorneys, the savings provision requires a lawyer to offset any fees received under § 406(b) with any award that the attorney receives under § 2412 if the two were for the 'same work.' " *Id.*; *see also Gisbrecht*, 535 U.S. at 796 (noting the claimant's attorney must refund to the claimant the smaller fee amount). Because here Petitioner's fees under the EAJA and § 406(b) are for the same work, the Court will order Petitioner to remit the $1,500 fee award to Rittel.

## III.   CONCLUSION

In light of the foregoing, the Court **GRANTS** Rittel's motion for approval of attorney's fees under 42 U.S.C. § 406(b). (ECF No. 13.) The Court approves Petitioner's request to receive $6,426.50 in fees withheld by the Social Security Administration. Further, the Court **ORDERS** Petitioner to remit to Rittel the $1,500 that counsel received under the EAJA (*see* ECF No. 12).

**IT IS SO ORDERED.**

**DATED: January 28, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 5 -

23cv1075